Filed 2/9/23  P. v. Slaughter CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>TERRY LAWRENCE SLAUGHTER,<br><br>    Defendant and Appellant. | A163706<br><br>(Alameda County<br>Super. Ct. No. 80264) |

In 1980, defendant Terry Lawrence Slaughter committed a burglary during which his coperpetrator killed a security guard.  In 1986, Slaughter was convicted of murder.  He later petitioned for resentencing, arguing his murder conviction was no longer valid in light of recent amendments to the felony-murder law.  (Pen. Code, § 1172.6; statutory references are to this code.[1])  The trial court granted the petition and, based on an agreement between the People and Slaughter, it resentenced him for the target offense of robbery.  On appeal, Slaughter argues the court abused its discretion by designating robbery, rather than burglary, as his underlying felony.  We affirm.

---

[1] Slaughter originally petitioned for resentencing under former section 1170.95.  While this appeal was pending, section 1170.95 was amended and renumbered as section 1172.6.  (Stats. 2022, ch. 58, § 10, eff. June 30, 2022.) We refer to the renumbered provision.

## BACKGROUND

Slaughter lived with Edison Forward, who Slaughter said was formerly in prison for "murder or suspicio[n] [of] murder." (*People v. Slaughter* (1984) 35 Cal.3d 629, 634 (*Slaughter I*).) Forward had a .22-caliber rifle, a pistol, and a considerable amount of stolen property in the apartment. (*Id.*, at p. 635.) Together, Slaughter and Forward committed approximately four to five burglaries each night. (*Id.*, at p. 634) Forward generally drove the two of them to the Oakland hills to select targets. (*Ibid.*) Slaughter would remain in the car as a lookout while Forward committed the burglaries. (*Ibid.*)

Early one morning in July 1980, Forward drove Slaughter to a home. (*Slaughter I, supra*, 35 Cal.3d at p. 634.) Forward, who was under the influence of drugs and alcohol, parked the car at the curb, took out a gun, and walked alongside the house, which was located by a gas station. (*People v. Slaughter* (Nov. 6, 1989, A037700) [nonpub. opn.] (*Slaughter II*).) Slaughter, who remained in the car, heard a few gun shots and saw Forward running back from the side of the house to the car. Police later discovered a victim who was shot and killed close to that location; the victim was in a car parked at the gas station. (*Slaughter I*, at p. 634.) Slaughter was arrested a few weeks later in a stolen car. In the car, police found a .38-caliber loaded revolver, later identified as being registered to the victim.

Slaughter was charged with murder and prosecuted on various theories, including premeditated murder and felony murder. The jury instructions included both burglary and robbery as underlying felonies for a felony-murder conviction. The jury found Slaughter guilty of first degree murder, and the trial court sentenced him to 26 years to life in prison.

In an appeal from the judgment, Slaughter noted the jury verdict did not specify whether burglary or robbery was the underlying felony, and he

2

challenged the sufficiency of the evidence for a robbery finding.  (*Slaughter II*, A037700.)  The Court of Appeal subsequently affirmed the judgment, concluding substantial evidence supported convictions for conspiracy to commit robbery and aiding and abetting robbery because Slaughter had knowledge of Forward's possession and use of firearms.  (*Ibid*.)

In January 2019, Slaughter filed a petition for resentencing under former section 1170.95.  The People conceded he was entitled to relief, and the trial court vacated his murder conviction.  Based on an agreement between Slaughter's counsel and the People, the court designated robbery as Slaughter's target offense for resentencing purposes.  (§ 211.)  There was a significant colloquy regarding Slaughter's terms of parole and custody credits; at no time, however, did Slaughter argue burglary should be his target offense.  Indeed, at one point during the hearing, the court noted "Mr. Slaughter, you are no longer a convicted murderer now, just a robber," and Slaughter replied, "Good."

The trial court imposed the upper term of five years, which was deemed served since Slaughter had already completed his prison term for the murder conviction.

**DISCUSSION**

Slaughter contends the trial court abused its discretion by designating robbery as his target offense because the evidence only demonstrated he intended to commit burglary.  We disagree.

In 2018, the Legislature declared "a person should be punished for his or her actions according to his or her own level of individual culpability."  (Stats. 2018, ch. 1015, § 1.)  It then limited the scope of the felony-murder rule "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant

3

in the underlying felony who acted with reckless indifference to human life."
(Stats. 2018, ch. 1015, § 1, subd. (f) [eliminating the natural and probable
consequences doctrine for murder and limiting the scope of the felony-murder
rule].) As amended, section 189 limits liability under a felony-murder theory
to actual killers, those who aid and abet the actual killer with the intent to
kill, and major participants in the underlying felony who acted with reckless
indifference to human life. (§ 189, subd. (e)(1)–(3).) Relevant here,
defendants convicted of felony murder where malice is imputed solely based
on their participation in an underlying crime may petition to vacate the
conviction and for resentencing on the remaining counts. (§ 1172.6,
subd. (a).) The petition must allege, among other things, that the "petitioner
could not presently be convicted of murder or attempted murder because
of changes to Section 188" — murder committed with express or implied
malice — or section 189 — felony murder. (§ 1172.6, subd. (a)(3).)

Upon a prima facie showing of eligibility for relief, the trial court shall
issue an order to show cause. (§ 1172.6, subd. (c).) The prosecution must
demonstrate beyond a reasonable doubt that the petitioner is ineligible for
resentencing relief. (*Id*., subd. (d)(3).) But the parties may also stipulate
that the petitioner is eligible for resentencing. (*Id*., subd. (d)(2).) In those
circumstances, the parties "may waive the eligibility hearing and proceed
directly to resentencing," as occurred here. (*People v. Silva* (2021)
72 Cal.App.5th 505, 517; § 1172.6, subd. (d)(2).) Thus, the prior conviction
is vacated, and the court resentences the petitioner on any remaining
charges. (§ 1172.6, subd. (d)(3).) Where a "murder was charged generically,
and the target offense was not charged," the "petitioner's conviction shall be
redesignated as the target offense or underlying felony" — i.e., "the offense
that was the basis for felony-murder liability at trial" — "for resentencing

4

purposes." (*Id.*, subd. (e); *People v. Howard* (2020) 50 Cal.App.5th 727, 737.) The court has "considerable discretion in redesignating the petitioner's murder convictions as underlying felonies and resentencing a petitioner to an appropriate term of years based on his or her individual culpability." (*Silva,* at p. 532.)

Even assuming Slaughter did not forfeit his argument by expressly agreeing to robbery as his target offense, the trial court's designation was not an abuse of discretion. Under section 1172.6, the court "could redesignate a vacated murder conviction as a lesser offense commensurate with his participation in the underlying felony, not just generically, but with the petitioner's individual culpability in mind *based on the evidence at trial.*" (*People v. Silva, supra,* 72 Cal.App.5th at p. 519, italics added.) Substantial evidence at trial established Slaughter aided and abetted Forward in committing robbery. (*People v. Cluff* (2001) 87 Cal.App.4th 991, 998 ["A trial court abuses its discretion when the factual findings critical to its decision find no support in the evidence"].)

"Robbery is the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." (§ 211.) "Aider-abettor liability exists when a person who does not directly commit a crime assists the direct perpetrator by aid or encouragement, with knowledge of the perpetrator's criminal intent and with the intent to help him carry out the offense." (*People v. Miranda* (2011) 192 Cal.App.4th 398, 407.) Those factors exist here. Slaughter admits he conspired with and aided and abetted Forward to commit burglaries, including the July 1980 offense. More importantly, Slaughter knew Forward took the gun with him and intended to commit

5

a crime at a residence while Slaughter served as lookout. (*Id.*, at p. 407 [presence at the scene of an offense supports a finding the accused is a principal under aiding and abetting liability].) Slaughter heard gunshots. After the shooting, Slaughter and Forward drove back to their apartment and where Slaughter continued to live with him, despite realizing that Forward had killed the victim. (*Slaughter II*, A037700; *People v. Campbell* (1994) 25 Cal.App.4th 402, 409 [companionship after an offense is relevant to assessing aider and abettor liability].) As this court previously held, this was sufficient evidence Slaughter aided and abetted robbery, which originally supported Slaughter's conviction for felony murder. (*Slaughter II*, A037700; *People v. Howard*, *supra*, 50 Cal.App.5th at pp. 737–738.)

The evidence also supports Slaughter's liability for robbery under the natural and probable consequences doctrine, which remains a valid theory of liability for offenses other than murder. (§§ 188, subd. (a)(3), 189, subd. (e); see, e.g., *People v. Robins* (2020) 44 Cal.App.5th 413, 422.) Indeed, the Legislature expressly stated it was necessary to amend "the natural and probable consequences doctrine, *as it relates to murder*, to ensure that *murder liability* is not imposed on a person who is not the actual killer . . . ." (Stats. 2018, ch. 1015, § 1, italics added.) The Legislature could have, but did not, eliminate the natural and probable consequences doctrine for other criminal offenses. Under that doctrine, aiders and abettors are guilty of the offense they intended to facilitate and encourage, as well as "any reasonably foreseeable offense committed by the actual perpetrator." (*People v. Miranda*, *supra*, 192 Cal.App.4th at pp. 407–408.) The "issue does not turn on the defendant's subjective state of mind." (*People v. Nguyen* (1993) 21 Cal.App.4th 518, 531.) Instead, it depends on whether, under the circumstances, a reasonable person should have known the charged offense

6

was a reasonably foreseeable consequence of the act the defendant aided and abetted. (*Ibid*.) Here, Slaughter was aware of Forward's drug use and that he may have previously committed murder. (*Slaughter II*, A037700.) Although Slaughter disavows any intent to commit robbery, a reasonable person in his position — knowing Slaughter had a violent criminal past, was committing burglaries, and was wielding a gun — would have or should have known that robbery was a reasonably foreseeable consequence of the burglary he aided and abetted. (*Nguyen*, at p. 531.)

Slaughter does not contest these conclusions; indeed, he concedes substantial evidence supports a robbery conviction. He nonetheless argues the trial court's failure to designate burglary as his target offense was an abuse of discretion because he was only culpable of burglary. That is, Slaughter contends his "individual culpability" (Stats. 2018, ch. 1015, § 1) can be determined by reference only to his "actual intent" — i.e., his intent to commit burglary. This argument ignores that culpability may be based on aider and abettor liability, as well as the natural and probable consequences doctrine (for crimes other than murder). (*Id*., at § 1, subd. (f); *People v. Miranda, supra*, 192 Cal.App.4th at p. 407; *People v. Nguyen, supra*, 21 Cal.App.4th at p. 531.) Moreover, his interpretation would create an absurd result. Slaughter concedes he could have been charged with and convicted of robbery in the first instance based on the evidence in the record. But he would have us conclude that, under section 1172.6, subdivision (e), the same evidence does not support designating robbery as his target offense and resentencing him accordingly. We decline to do so.

By vacating Slaughter's murder conviction and designating robbery as the target offense, the trial court properly eliminated a lengthy sentence which had "been declared incommensurate with" his culpability and instead

7

calibrated the punishment to his culpability for robbery.  (*People v. Ramirez* (2019) 41 Cal.App.5th 923, 933; *People v. Howard, supra,* 50 Cal.App.5th at p. 739.)[2]

## DISPOSITION

The judgment is affirmed.

---

[2] In light of this conclusion, we do not address whether Slaughter forfeited his challenge to the target offense designation.

_____

Rodríguez, J.

WE CONCUR:


_____

Fujisaki, Acting P. J.


_____

Petrou, J.

A163706